S. C. and E. D. OWEN, Administrators of JESSIE OWEN, v. A. F. and J. H. PAXTON.

(Decided May 24, 1898.)

*Costs—Taxation of—Judgment.*

> Where, as a condition of a continuance, the plaintiff in an action was required to pay the accrued costs and they were taxed, docketed and paid, and a judgment was subsequently entered in the action directing the repayment of such costs by the defendant; *Held*, that such costs became a part of the judgment, not as costs, as such, but as a part of the judgment already ascertained by reference to the docket as for so much money paid by plaintiff for defendant's benefit, and, hence, there was no necessity for a retaxation of the costs.

MOTION by the defendants in an action pending in TRANSYLVANIA Superior Court, for an injunction restraining the plaintiffs from collecting certain costs which the plaintiffs claimed they had a right to collect under a former judgment rendered in this cause, and a counter motion on the part of the plaintiffs to dissolve a restraining order which had been previously granted on the de-

fendant's motion.    The cause was continued from time to time by consent of parties, and came on for hearing before *Brown, J.*, at Chambers in Brevard, on Thursday the 1st day of April, 1897, when he rendered judgment, vacating the restraining order previously issued and refusing the defendants' motion for an injunction, and taxing the defendants with the costs of the motion. From this judgment the defendants appealed.    The grounds of the motion appear in the opinion.

*Messrs. Geo. A. Shuford* and *Davidson & Jones*, for defendants, (appellants.)

No counsel *contra.*

CLARK, J.:    At Fall Term, 1887, the plaintiff was adjudged to pay the costs of the Term as the condition of a continuance.    The costs of that Term ($114.99) were accordingly taxed against him, docketed and paid. At Fall Term, 1892, a consent judgment was entered in favor of the plaintiff, reciting as a part of the recovery from the defendants the costs of Fall Term, 1887, which had been paid by the plaintiff.    In August, 1893, the defendant moved before the Clerk to correct the judgment by striking out the costs of Fall Term, 1887, paid as aforesaid by the plaintiff.    The Clerk's judgment refusing the motion was affirmed on appeal by the Judge, who taxed the defendant with the costs of the motion. This is a restraining order asked by the defendant upon the ground that the Clerk, in taxing the costs under the judgment of 1892, failed to tax against the defendant the costs of Fall Term, 1887, theretofore paid by plaintiff, and that a year having elapsed since the rendition of the judgment of 1892, it is now too late (under *The Code*, Sec. 748 and 3760) to retax the same, and, further, that the judgment having been paid the said costs could

not be taxed against the defendant except after due notice.

But this is not a question of the retaxation of costs. The costs of Fall Term, 1887, were duly taxed up amounting to $114.99 and were paid by the plaintiff. The judgment by consent at Fall Term, 1892, directed the repayment of those costs by the defendant. Their recovery therefore is adjudged against the defendant, not as part of the costs, *qua* costs to be ascertained and taxed up by the Clerk, but rather as a part of the judgment already ascertained by reference to the docket, as for so much money paid by plaintiff for defendant's benefit.

Being part of the judgment, there is no bar except from the lapse of ten years, *Code* Sec. 152 (1), and the defendant's realty is subject to lien of the same and also for the costs incurred on the motion to correct the judgment, it being incident to said judgment.

No error.